MORTIMER H. FOGEL, Plaintiff, *v.* NATHAN BOLET, Individually and Doing Business under the Name of HEINS & BOLET, Defendant.

Supreme Court, Special Term, New York County, January 3, 1949.

*Malcolm Fleischer* for plaintiff.

*Neuberger, Shapiro, Rabinowitz & Boudin* for defendant.

STEUER, J. Motion for a temporary injunction in an action for a permanent injunction pursuant to the Feld-Crawford Law (Fair Trade Law; General Business Law, § 369-a *et seq.*, as added by L. 1940, ch. 195). The defendant operates a photographic supply store; the plaintiff is his nearest (in point of location) competitor. Defendant does not deny violating fair trade agreements, in fact he rather insists that the repeated ignoring of these contracts is an integral part of his business. The statute received an intensive interpretation from shortly after its enactment until about 1942, when economic conditions were such that violations were unheard of. Its popularity as an economic control is now reviving. It was noted at that time that no matter how often the invalidity of certain defenses was adjudicated the same defenses continued to be urged. (*Calvert Distillers Corp.* v. *Fox, Inc.*, 87 N. Y. S. 2d 470.) It would therefore serve no purpose to repeat these holdings. Defendant does advance one theory which is novel. It claims that this action is the result of a conspiracy of his competitors to put him out of business and hence constitutes an illegal price fixing. As to the first part, if it is legal for the plaintiff to enforce the statute and if enforcing the statute will put defendant out of business then his business and not the conspiracy is what is illegal. Furthermore, the agreement among his competitors is not price fixing. The prices are fixed by the contracts, the agreement is to enforce these. The statute makes that legal. The real defense is the same in all these cases — that the inability to enforce universal adherence to fixed prices under conditions of economic stress makes the sporadic enforcement provided by the statute grossly unfair. And the answer to that argument is that the Legislature within constitutional limits is the sole authority in such matters. If this act is an unfortunate essay at business regulation, the error is susceptible of correction only by the source from which it emanates. It must meanwhile be obeyed and, if necessary, enforced.

Defendant also claims that plaintiff is in no position to enforce the statute because he is himself a violator. Defendant's proof as to that point leaves something to be desired. It refers to a single transaction under circumstances which indicate a breach of duty by a salesman rather than a violation by the plaintiff. Of course, a practice by plaintiff's employees of the same tactics would put a different complexion on the interpretation. In view of this possibility the order herein may contain a provision for trial at an early date.