Aron Steuer, J.
Plaintiff moves to strike out two separate defenses. The suit is a so-called fair-trade action (General Business Law, § 369-a et seq.) to restrain price cutting. The' second and third defenses are under attack. The second defense alleges that plaintiff sells its products to certain other customers at lower prices than defendant can purchase them, and as these customers are in competition with the plaintiff the RobinsonPatman Act (U. S. Code, tit. 15, § 13a) is violated. The pleading* is artful if not artistic. There is no allegation that defendant purchases from plaintiff and the brief concedes that it does not. But even if it did, the Robinson-Patman Act provides its own penalties and these are exclusive. The act cannot he enforced collaterally. So it is no defense to an action on a contract (Bruce’s Juices v. American Can Co., 330 U. S. 743), the only exception being* when the plaintiff seeks to enforce a direct breach of the act (Kelly v. Kosuga, 358 U. S, 516).
The third defense alleges that one of the articles sold is a concoction called Carter’s Little Liver Pills and that the Federal Trade Commission has forced plaintiff to delete the word “ liver ” from the title, on the ground that the same constituted illegal advertising. The gravamen of the defense is that plaintiff is barred on the theory of “ unclean hands The defense overlooks that it was the consuming* public who was being deceived, not the defendant. Defendant in carrying* and selling the pills participated in whatever. wrong was being committed. It was neither" deceived nor harmed;
Defendant seeks to justify the second defense on the ground that the relief is sought for an ulterior purpose quite apart from the alleged violation of the Robinson-Patman Act. The only *232 allegations that are advanced as siipporting that contention are that others buy direct from plaintiff and hence buy cheaper. Just how this justifies defendant in selling for less does not appear. Nor does it establish any ulterior motive. Motion granted.