■ MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Appellant, v. JAMAICA GAS & ELECTRIC OF GREAT NECK, INC., Respondent.— In an action for injunctive relief for alleged selling of merchandise at prices less than those established by plaintiff pursuant to section 369-a of the General Business Law, commonly known as the Fair Trade Act, plaintiff appeals from an order of the Supreme Court, Queens County, dated November 16, 1973, which denied its motion for summary judgment. Order reversed, with $20 costs and disbursements; plaintiff's motion granted; and case remanded to Special Term for the making and entry of a judgment in accordance herewith. Plaintiff is the exclusive distributor of "Panasonic" products in the United States and instituted this action to enjoin defendant's alleged violation of the Fair Trade Act by selling "Panasonic" products below the minimum fair trade prices. By an order dated September 5, 1972 plaintiff was granted a preliminary injunction. On three separate occasions defendant was held in contempt of the preliminary injunction. Special Term, in making the order under review denying plaintiff's motion for summary judgment, held that "issues of fact, particularly as to the question of damage", exist. We perceive no questions of fact from this record. Plaintiff's proof is clear, extensive and well documented. Defendant's opposition consists of mere general conclusory allegations, which are not sufficient to counter the prima facie case made out by plaintiff (Hanson v. Ontario Milk Producers Co-op., 58 Misc 2d 138). Defendant's defense that plaintiff has not shown specific damage entitling it to this relief is meritless. No specific money damage need be shown in an action of this nature (Bristol-Myers Co. v. Picker, 302 N. Y. 61). Likewise, a defense that plaintiff is engaging in price discrimination is not interposable (Carter Prods. v. Riteprice Mdse., 23 Misc 2d 230). Defendant has offered no credible proof to contradict the evidence that plaintiff adheres to a vigorous enforcement program. Fair trade laws are creatures of statute, are of dubious · benefit under present conditions and may well have outlived their usefulness. However, until such statutes are modified or repealed they must be obeyed and enforced (Fogel v. Bolet, 194 Misc. 643). The inescapable conclusion to be drawn from this record is that defendant willfully and knowingly violated plaintiff's fair trade program. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.